Kyle R. May
Brayden K. Cochran
May, Rammell & Wells, Chtd.
216 W. Whitman/ PO BOX 370
Pocatello, Idaho 83204-0370
Telephone: (208) 233-0132
Facsimile: (208) 234-2961
Idaho State Bar No.: 9819
Idaho State Bar No.: 12178
kyle@mrwlaw.net
brayden@mrwlaw.net

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT BREWSTER,<br><br>Plaintiff,<br>vs.<br><br>KOOTENAI COUNTY; KOOTENAI COUNTY SHERIFF'S OFFICE; KOOTENAI COUNTY CORRECTIONAL FACILITY; SHERIFF ROBERT NORRIS;individually and in official capacity; SHAWN WARD, individually; DEPUTY JOHNSTON, individually; DEPUTY LILLEFLOREN, individually; DEPUTY Z. KNOX, individually; DEPUTY B. WHIPPLE, Individually; JOHN AND JANE DOES I-XX, individually;<br><br>Defendants. | CASE NO.: __________<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Robert Brewster, by and through his attorneys of record, the law firm May, Rammell & Wells, Chtd., and hereby files this *Complaint and Demand for Jury Trial* ("Complaint") against Defendants as follows:

## JURISDICTION AND PARTIES

1. This Court has jurisdiction over this action under the laws of the State of Idaho and the United States, including I.C. § 6-903 and 42 U.S.C. §§ 1983 and 1988.
2. At all times relevant, Plaintiff Robert Brewster ("Mr. Brewster") was a resident of Spokane County, State of Washington.
3. At all times relevant, the relevant facts and circumstances as alleged below occurred in Kootenai County, State of Idaho.
4. At all times relevant, Sheriff Robert Norris ("Sheriff Norris") was a resident of Kootenai County, State of Idaho, and the elected Sheriff of Kootenai County.
5. Sheriff Norris is sued in his individual and official capacities.
6. Kootenai County, Sheriff Norris (in his official capacity), Kootenai County Sheriff's Office, and Kootenai County Correctional Facility (collectively "Kootenai" and/or "Kootenai Defendants") are political subdivisions of the State of Idaho.
7. Kootenai is responsible for the use, training, implementation, and supervision of the employees it employs.
8. At all times relevant, Shawn Ward ("Deputy Ward") was a resident of Kootenai County, State of Idaho.
9. Deputy Ward is sued in his individual and official capacities.
10. At all times relevant, Deputy Eckstrom was a resident of Kootenai County, State of Idaho.
11. Deputy Eckstrom is sued in his individual and official capacities.
12. At all times relevant, Deputy Johnston was a resident of Kootenai County, State of Idaho.
13. Deputy Johnston is sued in his individual and official capacities.

14. At all times relevant, Deputy Lillefloren was a resident of Kootenai County, State of Idaho.
15. Deputy Lillefloren is sued in his individual and official capacities.
16. At all times relevant, Deputy B. Whipple ("Deputy Whipple") was a resident of Kootenai County, State of Idaho.
17. Deputy Whipple is sued in his individual and official capacities.
18. At all times relevant, Deputy Z. Knox ("Deputy Knox") was a resident of Kootenai County, State of Idaho.
19. Deputy Knox is sued in his individual and official capacities.
20. Defendants John and/or Jane Does I-XX are other law enforcement officers, deputies, employees, supervisors, medical staff, and/or other jail staff employed by and/or affiliated with Kootenai.
21. Upon information and belief, Defendants John and/or Jane Does I-XX were residents of Kootenai County, State of Idaho.
22. John and Jane Does I-XX are sued in their individual and official capacities
23. This action is brought pursuant to 42 U.S.C. § 1983 and Idaho Code Title 6 Chapter 9.
24. Plaintiff is entitled to attorneys fees and costs pursuant to 42 U.S.C.§ 1988 and I.C. § 6-918A for maintenance of this action.
25. Venue is appropriate in the United States District Court for the District of Idaho as the acts and omissions giving rise to the complaint, in this case, occurred generally in the State of Idaho.

## FACTS

26. The preceding paragraphs are fully incorporated herein by reference.

27. On or about October 30, 2024, Mr. Robert Brewster ("Mr. Brewster") was arrested and transported to the Kootenai County Correctional Center ("Jail").

28. At or around this time, Mr. Brewster was a pretrial detainee at the Jail.

29. While being processed at the Jail, Mr. Brewster was ordered by Deputies Johnston, Lillefloren, and John and/or Jane Does I-XX to face a wall while his hands were cuffed behind his back.

30. Deputies Johnston, Lillefloren, and John and/or Jane Does I-XX then searched Mr. Brewster.

31. Deputies Johnston, Lillefloren, and John and/or Jane Does I-XX then removed Mr. Brewster's personal items from his person.

32. Deputies Johnston, Lillefloren, and John and/or Jane Does I-XX then removed the handcuffs.

33. Shortly thereafter, Deputies Johnston, Lillefloren, and John and/or Jane Does I-XX then grabbed Mr. Brewster and forced him into a nearby cell.

34. In the cell, Mr. Brewster's hands were placed behind his back by Deputies Johnston, Lillefloren, and John and/or Jane Does I-XX.

35. Deputies Johnston, Lillefloren, and John and/or Jane Does I-XX then attempted to handcuff Mr. Brewster.

36. Mr. Brewster did not resist Deputies Johnston, Lillefloren, and John and/or Jane Does I-XX's attempt to handcuff him.

37. While Deputies Johnston, Lillefloren, and John and/or Jane Does I-XX attempted to handcuff Mr. Brewster, Mr. Brewster asked the deputies what was taking so long.

38. In response, Mr. Brewster was suddenly pinned to the floor by Deputies Johnston, Lillefloren, and John and/or Jane Does I-XX.

39. While pinned to the floor, Deputies Johnston, Lillefloren, and John and/or Jane Does I-XX bent Mr. Brewster's arms behind his back and ordered Mr. Brewster to stop resisting them.

40. Mr. Brewster did not resist or otherwise disobey their orders.

41. At this time, Mr. Brewster did not know why Deputies Johnston, Lillefloren, and John and/or Jane Does I-XX had pinned Mr. Brewster's arms behind his back nor why he had been thrown to the ground.

42. While pinned to the floor, Mr. Brewster repeatedly pleaded with Deputies Johnston, Lillefloren, and John and/or Jane Does I-XX to not break his arm.

43. Mr. Brewster stated multiple times that he was not resisting their orders.

44. Deputies Johnston, Lillefloren, and/or Jane Does I-XX continued to bend Mr. Brewster's arms behind his back even further.

45. At approximately that same time, Deputies Shawn Ward, Knox, and Whipple entered into Mr. Brewster's cell and held Mr. Brewster's feet together.

46. Additional John and/or Jane Does I-XX also entered into the cell.

47. Mr. Brewster's right arm was then dislocated at his elbow and his right shoulder was dislocated by Deputies Johnston, Lillefloren, Ward, Knox, Whipple, and/or other John and/or Does I-XX.

48. Deputies Johnston, Lillefloren, Ward, Knox, Whipple, and other John and/or Does I-XX noticed that Mr. Brewster's right elbow had been dislocated and/or injured.

49. Deputies Johnston, Lillefloren, Ward, Knox, Whipple, and other John and/or Does I-XX and notified the other deputies that Mr. Brewster's arm had been dislocated and/or injured.

50. Despite being aware that Mr. Brewster's right elbow had been dislocated, Deputies Johnston, Lillefloren, Ward, Knox, Whipple, and other John and/or Does I-XX continued to push against it.

51. This caused Mr. Brewster excruciating pain and suffering.

52. Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX then cut off Mr. Brewster's shirt, removed his pants, and placed a smock over him.

53. Prior to exiting the cell, Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX handcuffed and hogtied Mr. Brewster's arms to his feet.

54. Prior to exiting the cell, the handcuffs were removed.

55. Mr. Brewster was then left nearly naked in the cell, with the lights turned off, and with a dislocated elbow and shoulder.

56. Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX left Mr. Brewster in the cell despite knowing his arm had been dislocated.

57. Mr. Brewster was left in his cell for a significant amount of time.

58. While at the Jail, Mr. Brewster was not given any medication or other care for his injury before being transported to Kootenai Health.

59. Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX knew or reasonably should have known Mr. Brewster had a dislocated elbow and shoulder.

60. Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX knew or reasonably should have known Mr. Brewster had a serious need for medical care, but chose to wait and delay his care until he was transported to Kootenai Health that night.

61. At Kootenai Health, Mr. Brewster was found to have injuries, which included, but were not limited to, acute posterolateral elbow dislocation due to trauma.

62. These injuries were caused by Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX.

63. At all times relevant to this matter, Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX acted pursuant to the policies, practices, customs, and training of Kootenai.

64. As a result of the actions of Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX, Mr. Brewster sustained other injuries which include – among other things – long-term pain, suffering, mental anguish, anxiety, and depression.

65. Such injuries are attributable to the aforementioned conduct of Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX.

66. Such injuries are also attributable to the policies, practices, customs, and training of Kootenai.

67. Since then, Mr. Brewster has undergone surgery, physical therapy, and counseling as a result of his injuries sustained.

68. Defendants are liable to Mr. Brewster for all of his damages, including general, specific, nominal, and punitive.

69. On or about April 25, 2025, Mr. Brewster served his Tort Claim Notice in accordance with Idaho Code Title 6 Chapter 9 to Kootenai County. No response has been received.

70. Pursuant to 42 U.S.C. § 1988, Mr. Brewster is entitled to attorney fees and costs associated with the deprivation of his civil rights, and any and all damages associated therewith.

71. Pursuant to I.C. §§ 6-918A, 12-120, 12-121, and 12-123, Mr. Brewster is entitled to attorney fees and costs.

## FIRST CAUSE OF ACTION

(Violation of Fourteenth Amendment - Unreasonable use of Force - Against Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and/or John and/or Jane Does I-XX)

72. The preceding paragraphs are realleged and fully incorporated herein by reference.

73. The Fourteenth Amendment of the United States Constitution guarantees Mr. Brewster the right to be free from the deprivation of his life, liberty, or property without due process of law.

74. The Fourteenth Amendment protects Mr. Brewster from the use of unreasonable force while incarcerated as a pretrial detainee.

75. Kootenai are political subdivisions of the State of Idaho and the Kootenai Deputies are sued in their individual and official capacities; all Defendants are a “person” as that term is used in 42 U.S.C. § 1983.

76. At all times relevant, the Defendants acted pursuant to their official power and authority granted to them under the color of state law.

77. Defendants incarcerated Mr. Brewster pursuant to their authority granted to them under the color of state law.

78. Mr. Brewster was needlessly, excessively, and unreasonably pinned to the ground in the Jail cell by Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and/or John and/or Jane Does I-XX

79. While on the ground, Mr. Brewster pleaded with Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX to not break his arms.

80. Mr. Brewster did not resist or otherwise disobey Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX orders.

81. Despite Mr. Brewster's pleas and compliance, Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and/or John and/or Jane Does I-XX dislocated Mr. Brewster's right elbow and right shoulder.

82. Use of such force was needless, excessive, and unreasonable in light of Mr. Brewster's conduct in the Jail.

83. Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX knew or were reasonably aware that Mr. Brewster's elbow had been dislocated and notified the other deputies in the cell of the same.

84. Despite this, Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and/or John and/or Jane Does I-XX continued to push against Mr. Brewster's dislocated arm.

85. Thereafter, Mr. Brewster's clothes were removed, a smock was placed over him, and Mr. Brewster was left alone in a dark cell with his injuries.

86. Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX aforementioned actions were unreasonable, excessive, and unnecessary.

87. Said violations have caused Mr. Brewster medical expenses as well as a significant amount of pain, suffering, mental anguish, and permanent damage.

88. As a direct and proximate result of Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX unconstitutional conduct, Mr. Brewster has sustained general and specific damages due to Defendant's violation of his constitutional rights, including damages for the taking of his constitutional rights in and of itself.

89. Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX are jointly and severally liable to Mr. Brewster for his damages.

90. The violation of Mr. Brewster's constitutional rights is attributable to the policies, practices, customs, and/or decisions of Kootenai.

91. Said policies, practices, customs, and/or decisions include, but are not limited to, a deliberate indifference or failure to train Defendants on the proper amount of force to use while restraining a pretrial detainee and a deliberate indifferent failure to adopt policies necessary to prevent its deputies from using excessive and unreasonable force on pretrial detainees.

92. Mr. Brewster is entitled to judgment against Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX for damages in an amount to be proved at trial or hearing.

93. Mr. Brewster is entitled to be made whole again for his damages including general, specific, punitive, nominal, and damages for the violation of his constitutional rights in and of itself.

94. Defendants are liable to Mr. Brewster for damages arising from their unconstitutional conduct, including both compensatory, nominal, and punitive damages.

95. Mr. Brewster is entitled to attorney fees and costs for the maintenance of this action pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

(Violation of Fourteenth Amendment - Adequate Medical Care - Against Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and/or John and/or Jane Does I-XX)

96. The preceding paragraphs are realleged and fully incorporated herein by reference.

97. The Fourteenth Amendment of the United States Constitution guarantees Mr. Brewster the right to be free from the deprivation of his life, liberty, or property without due process of law.

98. The Fourteenth Amendment protects Mr. Brewster from the use of unreasonable force while incarcerated as a pretrial detainee.

99. The Fourteenth Amendment also protects Mr. Brewster's right to have adequate and timely medical treatment provided to him for medical conditions and injuries.

100. Kootenai are political subdivisions of the State of Idaho and the Kootenai Deputies are sued in their individual and official capacities; all Defendants are a "person" as that term is used in 42 U.S.C. § 1983.

101. At all times relevant, Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX acted pursuant to their official power and authority granted to them under the color of state law.

102. Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX incarcerated Mr. Brewster pursuant to their authority granted to them under the color of state law.

103. Prior to his transport to Kootenai Health, Mr. Brewster was not given any medication or care by Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX.

104. Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX knew or reasonably should have known Mr. Brewster's elbow and shoulder were dislocated.

105. Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX knew or reasonably should have known that Mr. Brewster was in excruciating pain.

106. Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX knew or reasonably should have known that Mr. Brewster was in serious need of medical care.

107. In spite of this, Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX chose to wait and not provide Mr. Brewster with medication or care.

108. Mr. Brewster was left in his Jail cell to suffer from his injuries caused by Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX.

109. Such conduct by Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX was deliberately indifferent and/or objectively unreasonable to Mr. Brewster's known injury, pain, and serious need for medical care.

110. Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX aforementioned actions were unreasonable, excessive, and unnecessary.

111. Said violations have caused Mr. Brewster medical expenses as well as a significant amount of pain, suffering, mental anguish, and permanent damage.

112. As a direct and proximate result of Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and/or John and/or Jane Does I-XX unconstitutional conduct, Mr. Brewster has sustained general and specific damages due to Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX violation of his constitutional rights, including damages for the taking of his constitutional rights in and of itself.

113. Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and/or John and/or Jane Does I-XX are jointly and severally liable to Mr. Brewster for his damages.

114. The violation of Mr. Brewster's constitutional rights is attributable to the policies, practices, customs, and/or decisions of Kootenai.

115. Said policies, practices, customs, and/or decisions include, but are not limited to, a deliberate indifference or failure to train Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and/or John and/or Jane Does I-XX on the proper amount of force to use while restraining a pretrial detainee and a deliberate indifferent failure to adopt policies necessary to prevent its deputies from using excessive and unreasonable force on pretrial detainees.

116. Mr. Brewster is entitled to judgment against Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and/or John and/or Jane Does I-XX for damages in an amount to be proved at trial or hearing.

117. Mr. Brewster is entitled to be made whole again for his damages including general, specific, punitive, nominal, and damages for the violation of his constitutional rights in and of itself.

118. Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and/or John and/or Jane Does I-XX are liable to Mr. Brewster for damages arising from their unconstitutional conduct, including both compensatory, nominal, and punitive damages.

119. Mr. Brewster is entitled to attorney fees and costs for the maintenance of this action pursuant to 42 U.S.C. § 1988.

## **THIRD CAUSE OF ACTION**

(Failure to Train - Against Kootenai Defendants and Sheriff Norris)

120. The preceding paragraphs are realleged and fully incorporated herein.

121. The Fourteenth Amendment of the United States Constitution guarantees Mr. Brewster the right to be free from the deprivation of his life, liberty, or property without due process of law.

122. The Fourteenth Amendment protects Mr. Brewster from the use of unreasonable force while incarcerated as a pretrial detainee.

123. The Fourteenth Amendment also protects Mr. Brewster's right to have adequate and timely medical treatment provided to him for medical conditions and injuries.

124. Defendants Kootenai and Sheriff Norris (collectively "Kootenai Defendants") employed Kootenai Deputies at all times.

125. The Kootenai Defendants are responsible for the training, supervision, and formulation of policies and/or practices related to the conduct of their employees.

126. The Kootenai Defendants had knowledge of a general pattern of unconstitutional or improper conduct amongst their employees prior to Mr. Brewster's arrest, but failed to correct or protect the public from the danger of said conduct through adequate training and supervision.

127. Kootenai Defendants also failed to provide its employees with adequate training regarding, but not limited to: use of force, cruel and unusual punishment, medical care/treatment to inmates, transportation of inmates to health care facilities.

128. Kootenai Defendants failed to properly train and/or supervise the Kootenai employees so as to prevent them from violating Mr. Brewster's constitutional rights.

129. Kootenai Defendants failed to protect Mr. Brewster from Kootenai employees' unconstitutional conduct.

130. It was reasonably foreseeable that the Kootenai Defendants' failure to properly train and/or supervise their employees would result in harm, including but not limited to, the deprivation of Mr. Brewster's constitutional rights.

131. Kootenai Defendant's deliberately indifferent training was the moving force, and direct cause, of Mr. Brewster's constitutional violations.

132. Accordingly, Kootenai Defendants' actions were also in violation of the Fourteenth Amendment and caused Mr. Brewster's damages.

133. Sheriff Norris is liable for Mr. Brewster's damages in his official and individual capacities.

134. Kootenai Defendants are jointly and severally liable for Mr. Brewster's damages.

135. Mr. Brewster is entitled to judgment against Kootenai Defendants for damages in an amount to be proved at trial or hearing.

136. Mr. Brewster is entitled to damages sufficient to make him whole again, including general, specific, punitive, nominal, and for the violation of his constitutional rights in and of itself.

137. Mr. Brewster is further entitled to attorney fees and costs against Defendants under 42 U.S.C. § 1988.

**FOURTH CAUSE OF ACTION**

(Lack of Policy or Unconstitutional Policy Against Kootenai Defendants and Sheriff Norris)

138. The preceding paragraphs are realleged and fully incorporated herein by reference.

139. Kootenai Defendants employed Defendants Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX at all times relevant.

140. Kootenai Defendants had a policy, custom, or practice that tolerates the commission of unconstitutional acts by its deputies and/or employees.

141. The Kootenai Defendants and all employees of Kootenai Defendants who are in a position to set the policy, custom, or practices are liable directly for the consequences of any unconstitutional acts by said persons.

142. The Fourteenth Amendment protects Mr. Brewster from the use of unreasonable force while incarcerated as a pretrial detainee.

143. The Fourteenth Amendment also protects Mr. Brewster's right to have adequate and timely medical treatment provided to him for medical conditions and injuries.

144. The Fourteenth Amendment guarantees Mr. Brewster the right to be free from the deprivation of his life, liberty, or property without due process of law.

145. Kootenai Defendants were deliberately indifferent in their failure to implement or change policies specifically related to, but not limited to: use of force, cruel and unusual punishment, medical care/treatment to inmates, transportation of inmates to health care facilities.

146. This policy, custom, or practice is evident by the conduct of Kootenai Defendants' employees, which include – among other things – pinning Mr. Brewster to the floor,

dislocating his right elbow and shoulder, and delaying his treatment and transport to Kootenai Health.

147. Defendants Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX conduct constituted and/or evidenced a custom of laxity and disregard for Mr. Brewster's health and safety, which custom was or became a de facto official policy.

148. Kootenai Defendants' actions in allowing such a policy, custom, or practice to develop and exist constituted deliberate indifference to the rights, health, and safety of Mr. Brewster.

149. It was reasonably foreseeable that the Kootenai Defendants' failure to properly implement or change policies or customs sufficient to protect people's constitutional rights would result in harm, including but not limited to, the deprivation of Mr. Brewster's constitutional rights.

150. The Kootenai Defendants' failure to implement or change policies or customs was the moving force, and direct cause, of Mr. Brewster's constitutional violations.

151. Accordingly, the Kootenai Defendants' actions were also in violation of the Fourteenth Amendment and caused the deprivation of Mr. Brewster's constitutional rights.

152. As a direct and proximate result of this policy, custom, practices, custom of laxity, and indifference, Mr. Brewster suffered and was deprived of his rights against unreasonable use of force and to adequate and timely medical treatment under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

153. Sheriff Norris is liable in his individual and official capacities.

154. Kootenai Defendants are jointly and severally liable to Mr. Brewster for damages including both compensatory and punitive arising from Defendant Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX unconstitutional conduct which is attributable to the policies, practices, customs, and/or decisions of Kootenai Defendants or a failure to adopt policies necessary to prevent its employees from engaging in unconstitutional conduct.

155. Mr. Brewster is entitled to judgment against Kootenai Defendants for damages in an amount to be proved at trial or hearing.

156. Mr. Brewster is entitled to damages sufficient to make him whole again, including general, specific, punitive, and for the violation of his constitutional rights in and of itself.

157. Mr. Brewster is further entitled to attorney fees and costs against Defendants under 42 U.S.C. § 1988.

**FIFTH CAUSE OF ACTION**

(Failure to Intervene - Against Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and/or John and/or Jane Does I-XX )

158. The preceding paragraphs are realleged and fully incorporated herein by reference.

159. The Fourteenth Amendment of the United States Constitution guarantees Mr. Brewster the right to be free from the deprivation of his life, liberty, or property without due process of law.

160. The Fourteenth Amendment protects Mr. Brewster from the use of unreasonable force while incarcerated as a pretrial detainee.

161. The Fourteenth Amendment also protects Mr. Brewster's right to have timely medical treatment provided to him for medical conditions and injuries which are known or reasonably should have been known.

162. As law enforcement officers, Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and/or John and/or Jane Does I-XX had an obligation to intervene to prevent other law enforcement officers from infringing upon the constitutional rights of other citizens, when they have reason to know said violations have occurred, or said violations were done in their presence.

163. Mr. Brewster's right against unreasonable use of force and to adequate and timely medical treatment pursuant to the Fourteenth Amendment of the United States Constitution was deprived of him through Defendants Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and/or John and/or Jane Does I-XX aforementioned and above-referenced conduct.

164. Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and/or John and/or Jane Does I-XX saw the tortious and unconstitutional treatment that Mr. Brewster was being subjected to and did not intervene.

165. Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and/or John and/or Jane Does I-XX were made aware of and/or witnessed the excessive and unreasonable force and unconstitutional treatment that Mr. Brewster was subject to.

166. Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and/or John and/or Jane Does I-XX had a realistic opportunity and a recognized obligation to intervene and stop the other Defendants from violating Mr. Brewster's rights, but failed to do so.

167. Accordingly, Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and/or John and/or Jane Does I-XX are jointly and severally liable for the damages which Mr. Brewster suffered as a result of the violation of his constitutional rights and their failure to intervene.

168. Mr. Brewster is entitled to judgment against Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and/or John and/or Jane Does I-XX for damages in an amount to be proved at trial or hearing.

169. Mr. Brewster is entitled to damages sufficient to make him whole again, including general, specific, punitive, and for the violation of his constitutional rights in and of itself.

170. Mr. Brewster is further entitled to attorney fees and costs against Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and/or John and/or Jane Does I-XX under 42 U.S.C. § 1988.

## SIXTH CAUSE OF ACTION

(Battery - Against Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and/or John and/or Jane Does I-XX )

171. The preceding paragraphs are fully incorporated herein by reference.

172. At all times relevant, Defendants Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX, were employees of Kootenai.

173. Defendants Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and/or John and/or Jane Does I-XX committed a wrongful battery against Mr. Brewster by pinning him to the floor, bending his arms behind his back, and dislocating his right elbow and shoulder.

174. Defendants Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX acted with malice and/or criminal intent as Mr. Brewster repeatedly begged them to not break his arm and had complied with their orders.

175. In spite of this, Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and/or John and/or Jane Does I-XX dislocated Mr. Brewster's right elbow and shoulder.

176. Kootenai Defendants are vicariously liable for Mr. Brewster's damages and their employees' wrongful conduct.

177. Alternatively, Defendants Deputies Ward, Johnston, Lifflefloren, Knox, Whipple, and/or John and/or Jane Does I-XX are individually, jointly and severally liable for Mr. Brewster's damages arising from their wrongful conduct.

178. Mr. Brewster is entitled to be made whole again for his damages sustained herein, including general, specific, and punitive damages.

179. Mr. Brewster is entitled to attorney fees and costs for the maintenance of this action pursuant to I.C. § 6-918A; 12-120; 12-121; and 12-123.

**SEVENTH CAUSE OF ACTION**

(Negligence - Against Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and/or John and/or Jane Does I-XX)

180. The preceding paragraphs are fully incorporated herein by reference.

181. At all times relevant, Defendants Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX, were employees of Kootenai.

182. Defendants Deputies Ward, Johnston, Lillefloren, Knox, Whipple, and John and/or Jane Does I-XX owed Mr. Brewster a general duty of reasonable care to avoid injury to Mr. Brewster in any situation in which it could be reasonably anticipated or foreseen that a failure to use such care might result in injury.

183. Defendants Deputies Ward, Johnston, Lillefloren, Knox, Whipple, John and/or Jane Does I-XX owed Mr. Brewster a specific duty of care to protect Mr. Brewster from foreseeable harm once he was in their custody.

184. In taking Mr. Brewster into the care of the Jail, a special relationship between Defendants and Mr. Brewster was created wherein a duty to protect Mr. Brewster from foreseeable harm existed.

185. Defendants Deputies Ward, Johnston, Lillefloren, Knox, Whipple, John and/or Jane Does I-XX breached their general duty of care by pulling Mr. Brewster's arms behind his back to the point that Mr. Brewster's right elbow and shoulder were dislocated.

186. Defendants Deputies Ward, Johnston, Lillefloren, Knox, Whipple, John and/or Jane Does I-XX breached their special duty of care by pulling Mr. Brewster's arms behind his back to the point that his right elbow and shoulder were dislocated.

187. These negligent acts ultimately led to and were the cause of Mr. Brewster's injuries.

188. Kootenai Defendants are vicariously liable to Mr. Brewster for damages arising from Defendants' Deputies Ward, Johnston, Lillefloren, Knox, Whipple, John and/or Jane Does I-XX negligent and wrongful conduct.

189. Alternatively, Defendants' Deputies Ward, Johnston, Lillefloren, Knox, Whipple, John and/or Jane Does I-XX are individually, jointly and severally liable to Mr. Brewster for damages arising out of their negligent and wrongful conduct.

190. Mr. Brewster is entitled to be made whole again for his damages sustained herein, including general, specific, and punitive damages.

191. Mr. Brewster is entitled to attorney fees and costs for the maintenance of this action pursuant to I.C. § 6-918A; 12-120; 12-121; and 12-123.

WHEREFORE, Mr. Brewster respectfully prays for judgment against Defendants as follows:

1. For recovery of all specific and general damages sustained as a direct and proximate result of the wrongful and unlawful acts of Defendants in a sum exceeding $10,000.00.
2. For nominal and punitive damages to be awarded to Mr. Brewster;
3. For the recovery of all reasonable costs and attorney's fees pursuant to Federal law, including but not limited to 42 U.S.C. § 1988;

4. For the recovery of all reasonable costs and attorney's fees pursuant to Idaho law, including but not limited to I.C. § 6-918A; 12-120; 12-121; and 12-123.
5. For any and all further relief the Court deems just and equitable;
6. Mr. Brewster demands a trial by jury of no less than twelve (12) jurors in this matter.

DATED this ___ day of _________, 2026.

MAY, RAMMELL & WELLS, CHTD.
*Attorneys for Plaintiff*

*/s/ Kyle R. May*
KYLE R. MAY

*/s/ Brayden K. Cochran*
BRAYDEN K. COCHRAN